UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MATTHEW J. HARRIS,

        Plaintiff,

        v.                                 Case No. 21-C-1011

KRISTINA DEBLANC, et al.,

        Defendants.

## ORDER DENYING MOTIONS FOR EXTENSION OF TIME, OBJECTIONS/RECONSIDERATION AND FOR PROOF OF SERVICE

      Plaintiff Matthew J. Harris, who is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that more than 30 defendants violated his civil rights at the Waupun Correctional Institution. Dkt. No. 1. On December 15, 2021, the Court screened the complaint and allowed him to proceed with Eighth Amendment claims against Kristina Deblanc, Devona Gruber, Gayle Griffith, Craig Theander, Kyle Tritt, Keith Immerfall, Joseph Beahm, Christopher Pass, Greg Smith, Alexia Martinez, and Angus Vollmer. Dkt. No. 11 at 8–9, 14. The Court dismissed Harris' claims against the remaining Defendants for failure to state a claim. On January 31, 2022, Harris filed a motion for an extension of time to file his "objections to the record to preserve issues." Dkt. No. 15. The same day, Harris filed his objections to the screening order under Rule 60(b)(1)(6) of the Federal Rules of Civil Procedure. Dkt. No. 16.

      Harris is operating under the mistaken assumption that he must object to the Court's dismissal of certain defendants and claims in order to preserve the issue for appeal. No objection to the Court's order is needed at this point. Once final judgment is entered, he may appeal the

Court's dismissal of claims and/or defendants he asserted in his complaint if he believes the Court's decision was in error. The rules he cites in support of his objections do not apply here.

Construing Harris's objections as a motion to vacate a prior order under Rule 60(b), which he also cites, the motion is denied. Rule 60(b) allows the Court to vacate a prior order based on, *inter alia*, a mistake, newly discovered evidence, fraud by a party, satisfaction of the judgment, or "any other reason that justifies relief." Fed. R. Civ. P. 60(b). Relief under Rule 60(b) is an "extraordinary remedy and is granted only in exceptional circumstances." *Wickens v. Shell Oil Co.*, 620 F.3d 747, 759 (7th Cir. 2010). The Court's determination is constrained only by its sound discretion. *Venson v. Altamirano*, 749 F.3d 641, 656 (7th Cir. 2014). Rule 60(b) does not exist to give losing parties a second bite at the apple, particularly when the evidence or argument they should have presented was within their grasp at the opportune moment. *See Buchanan v. Ill. Dep't of Human Servs.*, 15 F. App'x 366, 369 (7th Cir. 2001); *Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 391–92 (1993) ("Inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable neglect.'").

In his motion, Harris states that the Court should not have dismissed the Warden for a variety of reasons. Dkt. No. 16 at 2–9. However, none of the arguments Harris provides are enough to persuade the Court that the Warden should still be a defendant in this case. In particular, the Court explained in the screening order that §1983 requires the defendant to have personal liability in the alleged constitutional deprivation. Dkt. No. 11 at 11. Harris has not alleged any facts that attach personal liability to the Warden, and, therefore, has not alleged sufficient facts for the Warden to remain a defendant in this case. *See Vance v. Peters*, 97 F.3d 987, 992–93 (7th Cir. 1996).

Next, Harris alleges that because he did not know about supplemental jurisdiction at the time he filed his complaint, the Court, in a liberal reading of his complaint, should have read into it claims that he never pled. Dkt. No. 16 at 10–11. Specifically, Harris alleges that the Court should have allowed him to proceed on state tort claims that he never pled, and the Court should not have dismissed certain defendants because a state tort claim could proceed against them. *Id.* Harris is proceeding in a Federal Court, and therefore, the Court is only obligated to identify the federal claims he may state based on the alleged facts. Therefore, the Court was not obligated to identify and allow Harris to proceed on state law claims that he did not plead.

Further, Harris alleges that the Court should have allowed him to proceed on a conspiracy to deny rights claim based on his complaint. *Id.* at 11–12. To state a conspiracy claim, the plaintiff must allege that (1) the individuals reached an agreement to deprive him of his constitutional rights and (2) overt acts in furtherance actually deprived him of those rights. *Evers v. Reak*, 21 F. App'x 447, 450 (7th Cir. 2001) (citing *Scherer v. Balkema*, 840 F.2d 437, 441 (7th Cir. 1988)). "[A] complaint must contain factual allegations suggesting that the defendants reached a meeting of the minds." *Id.* The plaintiff must "allege the 'what, when, why, and how' of the defendants' supposed agreement to deprive him of his constitutional rights." *Id.* (quoting *Brokaw v. Mercer Cty.*, 235 F.3d 1000, 1016 (7th Cir. 2000)). However, "[v]ague and conclusory allegations of the existence of a conspiracy are not enough to sustain a plaintiff's [pleading] burden." *Id.*

Harris argues that the Court should have allowed him to proceed on a conspiracy claim because it allowed him to proceed against some individuals and discovery would allow him to determine whether the other defendants were involved. Dkt. No. 16 at 12. However, Harris has not alleged the specific facts about who agreed with whom, what they agreed to do, when they agreed to do it, why they did so, and how. *See Evers*, 21 F. App'x at 450. Although the Court

3

allowed Harris to proceed against some Defendants on a deliberate indifference claim, his allegations do not suffice to show that all the defendants had a "meeting of the minds" to deprive him of his constitutional rights. Accordingly, the Court will not allow Harris to proceed on a conspiracy claim.

Lastly, Harris argues that the Court should not have denied his motion to appoint counsel. Dkt. No. 16 at 12–15. The Court denied Harris's motion to recruit counsel (the Court has no authority to appoint counsel) largely on the basis of the quality of the previous filings Harris has submitted, in particular, his motion for appointment of counsel and supporting brief and declaration. Harris argues in his objection that he has been helped thus far by another prisoner in his legal filings but is not sure how long the prisoner will be able to help him. However, he fails to indicate the extent of assistance he received. In other words, the Court remains unconvinced, especially at this early stage of the case, that Harris does not have sufficient competence to represent himself. As the Court of Appeals has recognized, the supply of pro bono counsel for indigent prisoners is not unlimited. The Court will keep Harris's request for counsel in mind as the case proceeds. If it becomes clear that the case is so complex or that Harris's competence is so lacking that counsel is necessary, the Court will take steps to recruit counsel for him. At this stage, however, his motion is denied for the reasons previously set forth.

On February 11, 2022, Harris filed a motion for proof of service. Dkt. No. 18. Harris is concerned that Defendants may not be properly served. *Id.* However, on February 14, 2022, Defendants filed their answer to his complaint, Dkt. No. 19, and, therefore, Harris' motion is now moot. Accordingly, the Court will deny his motion as moot.

**IT IS THEREFORE ORDERED** that Harris' motion to for an extension of time to file objections to the Court's screening order (Dkt. No. 15) is **DENIED as moot**.

**IT IS FURTHER ORDERED** that Harris' objection (Dkt. No. 16), which the Court construes as motion for relief from judgment under Rule 60(b) of the Federal Rules of Civil Procedure, is **DENIED**.

**IT IS FURTHER ORDERED** that Harris' motion for proof of service (Dkt. No. 18) is **DENIED as moot**.

Dated at Green Bay, Wisconsin this 25th day of March, 2022.

> s/ William C. Griesbach
> William C. Griesbach
> United States District Judge