IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

MATTHEW J. HARRIS,

    Plaintiff,

v.                                 Case No. 21C1011

BRIAN FOSTER, et al.,

    Defendants.

## DEFENDANTS' BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT ON EXHAUSTION GROUNDS

## INTRODUCTION

Harris was allowed by the Court to proceed on three sets of Eighth Amendment claims in this lawsuit:

1. Eighth Amendment deliberate indifference claim against Defendants Pass, Immerfall, Smith, Tritt, and Beahm for allegedly taunting Harris while he was on his way to an observation cell on 9/7/18 and placing razorblades in his cell with instructions to "carve [himself] up like a [] turkey." Further, after Harris notified Deblanc of Smith's involvement in providing him with a razorblade, Smith returned to his cell to taunt and intimidate him, which caused Harris to further injure himself by ripping off his ear. Further, Beahm waited more than 3 hours before getting Harris medical attention and later encouraged Pl to further injure himself.

2. Eighth Amendment conditions of confinement claims against Defendants Tritt, Martinez, Deblanc, Vollmer, Theander, Gruber, and Griffith for refusing to transfer Harris to a new cell or clean his cell after he informed them his cell walls were covered in feces and graffiti promoting death and self-harm. Further, Harris alleges they knew his cell was cold and he only had a suicide smock.

3. Eighth Amendment deliberate indifference claims against Defendant Deblanc, Gruber, and Griffith for maintaining Harris's observation status without ordering additional restraints after he continued to make threats of self-harm.

(Dkt. 11 at 8-9.)

Harris did not exhaust his administrative remedies because he did not file any complaints sufficient to put the institution on notice regarding any of these claims.

## EXHAUSTION FACTUAL BACKGROUND

Plaintiff Matthew Harris is an inmate in the custody of the Wisconsin Department of Corrections who was housed at Waupun Correctional Institution at all times relevant to this lawsuit. (DPFOF ¶ 1.)

Harris submitted three inmate complaints under Wis. Admin. Code Ch. DOC 310 about his self-harm incident at issue in this lawsuit; however, he did not complain that officers taunted him, intimidated him, placed razorblades in his cell with instructions to harm himself, or waited to get him help after he harmed himself. (DPFOF ¶ 2.)

Harris did not submit any inmate complaints relevant to his claims that Tritt, Martinez, Deblanc, Vollmer, Theander, Gruber, and Griffith refused to transfer him to a new cell or clean his cell after he informed them his cell walls were covered in feces and graffiti promoting death and self-harm or that staff knew Harris's cell was very cold and Harris only had a suicide smock. (DPFOF ¶ 3.)

Harris did not submit any inmate complaints relevant to this claims that Deblanc, Gruber, and Griffith maintained Harris's observation status without

ordering additional restraints after he continued to make threats of self-harm. (DPFOF ¶ 4.)

## STANDARD OF DECISION

Under Federal Rules of Civil Procedures 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Summary judgment must be granted "against a party who fails to make a showing sufficient to establish the existence of an element to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986).

The opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986). Moreover, more than mere conclusory allegations are required to defeat a motion for summary judgment. *Mills v. First Fed. Sav. & Loan Ass'n of Belvidere*, 83 F.3d 833, 840 (7th Cir. 1996). In order for a party "to avoid summary judgment that party must supply evidence sufficient to allow a jury to render a verdict in his favor." *Williams v. Ramos*, 71 F.3d 1246, 1248 (7th Cir. 1995).

## ARGUMENT

**I.  Harris failed to exhaust his administrative remedies regarding any of his claims in this lawsuit and therefore summary judgment must be granted.**

### A. The Prison Litigation Reform Act requires inmates to exhaust their administrative remedies before filing a lawsuit.

The Prison Litigation Reform Act of 1995 ("PLRA") requires inmates to exhaust their available administrative remedies before bringing a 42 U.S.C. § 1983 action with respect to prison conditions. The relevant section of the PLRA, 42 U.S.C. 1997e(a), reads as follows:

> **Applicability of administrative remedies.** No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). Congress defines "prison conditions" broadly.

> [T]he term 'civil action with respect to prison conditions' means any civil proceeding arising under Federal law with respect to the conditions of the confinement or the effects of actions by government officials on the lives of persons confined in prison, but does not include habeas corpus proceedings challenging the fact or duration of confinement in prison.

18 U.S.C. § 3626(g)(2).

The PLRA exhaustion rule is "comprehensive" and "very broad." *Smith v. Zachary*, 255 F.3d 446, 451-52 (7th Cir. 2001). There is no futility exception to the PLRA exhaustion requirement. *Perez v. Wis. Dep't of Corr.*, 182 F.3d 532, 537 (7th Cir. 1999). "No one can know whether administrative requests will be futile; the only way to find out is to try." *Id.* at 536. Nor is there a substantial compliance exception; a good faith attempt to exhaust is not enough. *Zachary*, 255 F.3d at 452. Exhaustion is required no matter what relief the plaintiff seeks. *Id.*; *Booth v. Churner*, 532 U.S. 731, 734 (2001).

4

In addition, "prisoner[s] must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). Inmates must properly exhaust their administrative remedies. *Woodford v. Ngo*, 584 U.S. 81, 93 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules." *Id.* at 90.

There are several important policy considerations behind the PLRA exhaustion rule. Administrative exhaustion restricts frivolous claims, gives prison officials the opportunity to address a situation internally, develops the factual record, and reduces the scope of litigation. *Zachary*, 255 F.3d at 450-51. "The statute embodies a firm congressional will that keeps with a bedrock principle of our jurisprudence: Prison administrators . . . should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." *McCoy v. Gilbert*, 270 F.3d 503, 509-10 (7th Cir. 2001) (internal quotation and citations omitted).

In order to protect the goals of the PLRA exhaustion requirement, a plaintiff must exhaust all available administrative remedies before commencing an action. "The exhaustion requirement applies whenever there is some administrative process remaining at the prisoner's disposal." *McCoy*, 270 F.3d at 510. Thus, "a case filed before exhaustion has been accomplished must be dismissed." *Perez*, 182 F.3d at 537.

### B. To exhaust in Wisconsin, an inmate must comply with Wis. Admin. Code ch. DOC 310.

Wisconsin's administrative procedures for inmate complaints are outlined in Wis. Admin. Code ch. DOC 310. The Code makes clear its objective: "The purpose of this chapter is to afford inmates in institutions a process by which grievances may be expeditiously raised, investigated, and decided." Wis. Admin. Code § DOC 310.01(1); *see also Lockett v. Bonson*, 937 F.3d 1016, 1027 (7th Cir. 2019) ("[T]he primary purpose of the exhaustion doctrine: it alerts the prison officials to the existence of the problem and affords an opportunity to repair the injury.").

To achieve that purpose, the Code created the "inmate complaint review system." Wis. Admin. Code § DOC 310.04(1). Under the review system, an inmate must "attempt to resolve [an] issue by following the designated process specific to the subject of the complaint" before "filing a formal complaint." Wis. Admin. Code § DOC 310.07(1). If no resolution can be reached, an inmate must then "file a complaint within 14 days after the occurrence giving rise to the complaint." Wis. Admin. Code § DOC 310.07(2).

Once an inmate files a complaint, the ICE must "collect and date stamp all complaints with the date collected." Wis. Admin. Code § DOC 310.10(1). The ICE must further "give written notice to the inmate within 10 days of collection that the complaint has been received." Wis. Admin. Code § DOC 310.10(4).

The ICE must then return, reject, or accept and investigate a complaint. Wis. Admin. Code § DOC 310.10(2). The ICE may reject a complaint for any reason listed in Wis. Admin. Code § DOC 310.10(6). The inmate may appeal the rejected complaint

6

to the appropriate reviewing authority within ten days, and the reviewing authority would review the basis for the rejection of the complaint. *See* Wis. Admin. Code § DOC 310.10(10).

An ICE who accepts a complaint must "send a recommendation to the appropriate reviewing authority within 30 days from the date of receipt." Wis. Admin. Code § DOC 310.10(9). An ICE may recommend a complaint be "affirmed or dismissed in whole or in part." Wis. Admin. Code § DOC 310.10(12). If the reviewing authority dismisses the complaint, the inmate "may appeal" to the CCE "within 14 days after the date of the decision." Wis. Admin. Code § DOC 310.12(1).

The CCE may return an appeal for five reasons listed in the Code, may recommend rejection of an appeal that fails to comply with section 310.09, or it may accept an appeal. Wis. Admin. Code §§ DOC 310.12(2), (4)(a)–(e), (5). Should the CCE accept the appeal, it must "recommend that the reviewing authority decision be affirmed or dismissed, in whole or in part, and send its recommendation to the secretary within 45 days of receipt of the appeal." Wis. Admin. Code § DOC 310.12(9).

The secretary must then "make a decision within 45 days following receipt of the [corrections complaint examiner's] recommendation." Wis. Admin. Code § DOC 310.13(1). The secretary must "affirm or dismiss the [corrections complaint examiner's] recommendation, in whole or in part, or return the appeal to the [CCE] for further investigation." Wis. Admin. Code § DOC 310.13(2). "The secretary's decision is final." Wis. Admin. Code § DOC 310.13(3).

7

Case 1:21-cv-01011-WCG   Filed 03/31/22   Page 7 of 10   Document 23

The failure to properly complete each step in the ICRS grievance procedure constitutes failure to exhaust available administrative remedies. *Pozo,* 286 F.3d at 1025.

### C. Harris failed to file an inmate complaint that any defendant placed razor blades into the observation cell and instructed him to harm himself.

Harris was allowed to proceed on claims against various officer defendants that on September 7, 2018, when placing him in observation status, they taunted him and *actively placed* razorblades in his cell with instructions to "carve [himself] up like a [] turkey." Harris further claimed that Smith returned to his cell to taunt and intimidate him, which caused Harris to further injure himself by ripping off his ear and that Beahm waited more than 3 hours before getting Harris medical attention and later encouraged Harris to further injure himself.

The purpose of exhaustion requirements is to give the prison administrators a fair opportunity to resolve the grievance without litigation. *Woodford v. Ngo*, 548 U.S. 81, 88-89 (2006). Proper exhaustion requires that a grievance object intelligently to an asserted shortcoming. *Strong v. David*, 297 F.3d 646, 650 (7th Cir. 2002). Prisoners must give the prison notice of a problem, and an opportunity to address it, in order to exhaust their administrative remedies. *See Turley v. Rednour*, 729 F.3d 645, 650 (7th Cir. 2013). To properly exhaust his specific allegation, an inmate needs to "clearly identify" those issues in his inmate complaint. *Schillinger v. Kiley*, 954 F.3d 990, 995 (7th Cir. 2020); Wis. Admin. Code § DOC 310.11(1)(e).

8

Case 1:21-cv-01011-WCG   Filed 03/31/22   Page 8 of 10   Document 23

Harris never raised these issues in his inmate complaints. In WCI-2018-20573 Harris simply complained that he was placed by staff into an observation cell where he found a razor blade he used to harm himself. (Exhibit 1001 at 11.) Nowhere in the complaint does Harris state that officer *intentionally placed* the razor blade into the cell, taunted him to harm himself, or returned later to taunt him and encourage him to harm himself again. The additional complaints that Harris filed related to this incident (Exhibits 1002 and 1003) only raised the issue that staff did not write an incident report about it as required under prison policy. Therefore, Harris never exhausted his administrative remedies as to the claims he was allowed to proceed on and these claims must be dismissed. Wis. Admin. Code §§ 310.13(1), (7), 310.14(2); *Pozo v. McCaughtry*, 286 F.3d at 1025; *Jones v. Bock*, 549 U.S. at 217-18.

> **D. Harris failed to file any complaints regarding his allegations that he was housed in unconstitutional conditions of confinement or that defendants were deliberately indifferent by maintaining his observation status and not ordering additional restraints.**

Harris never filed any inmate complaint related in any way to his claims that he was housed in unconstitutional conditions of confinement or that defendants were deliberately indifferent by maintaining his observation status by not ordering additional restraints. (DPFOF ¶¶ 2-4, Ex. 1000.) Therefore, these claims must also be dismissed due to Harris' failure to exhaust his administrative remedies. Wis. Admin. Code §§ 310.13(1), (7), 310.14(2); *Pozo v. McCaughtry*, 286 F.3d at 1025; *Jones v. Bock*, 549 U.S. at 217-18.

## CONCLUSION

For these reasons, the Defendants respectfully ask the Court to grant their motion for summary judgment and dismiss Plaintiff's case in its entirety without prejudice for failure to exhaust administrative remedies.

Dated: March 31, 2022

Respectfully submitted,

JOSHUA L. KAUL
Attorney General of Wisconsin

s/Brandon T. Flugaur
BRANDON T. FLUGAUR
Assistant Attorney General
State Bar #1074305

Attorneys for Defendants

Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
(608) 266-1780
(608) 294-2907 (Fax)
flugaurbt@doj.state.wi.us