IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

MATTHEW J. HARRIS,

    Plaintiff,

v.                                   Case No. 21C1011

KYLE TRITT, et al.,

    Defendants.

## DEFENDANTS' PROPOSED JURY INSTRUCTIONS

NOW COMES Defendants, by and through their undersigned attorneys, who respectfully request that the Court give the attached jury instructions, in addition to the Court's standard instructions.

Modifications are noted with ~~strikethrough~~ for deletions and <u>underline</u> for additions. Insertions where the standard instructions include [brackets] for that purpose are not annotated.

Dated: January 30, 2024

                                  Respectfully submitted,

                                  JOSHUA L. KAUL
                                  Attorney General of Wisconsin

                                <u>s/ Brandon T. Flugaur</u>
                                BRANDON T. FLUGAUR
                                Assistant Attorney General
                                State Bar #1074305

                                ASHLEY FARD
                                Assistant Attorney General
                                State Bar #1121454

Attorneys for Defendants

Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
(608) 266-1780 (Flugaur)
(608) 261-8120 (Fard)
(608) 294-2907 (Fax)
flugaurbt@doj.state.wi.us
farda@doj.state.wi.us

Defendants' Additional Proposed Jury Instruction 1:

GENERAL: DEPARTMENT OF CORRECTIONS NOT A PARTY

Defendants are being sued as an individual. Neither the Wisconsin Department of Corrections nor the State of Wisconsin is a party to this lawsuit.

*Fed. Civ. J.I. of the 7th Cir.* § 7.01 (title modified)

Defendants' Additional Proposed Jury Instruction 2:

GENERAL: REQUIREMENT OF PERSONAL INVOLVEMENT

Plaintiff must prove by a preponderance of the evidence that the Defendant was personally involved in the conduct that Plaintiff complains about. You may not hold the Defendant liable for what others did or did not do.

*Fed. Civ. J.I. of the 7th Cir.* § 7.02

Defendants' Additional Proposed Jury Instruction 3:

Absence of Evidence

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial. Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

*Seventh Circuit Federal Jury Instructions—Civil* § 1.18.

<u>Defendants' Additional Proposed Instruction 4:</u>

<u>Lawyer Interviewing Witness</u>

It is proper for a lawyer to meet with any witness in preparation for trial.

*Seventh Circuit Federal Jury Instructions—Civil* § 1.16

<u>Defendants' Additional Proposed Jury Instruction 5:
Limiting Instruction Concerning Evidence of Statutes,
Administrative Rules, Regulations, and Policies</u>

You have heard evidence about whether the Defendants' conduct <u>complied with</u> <u>Wisconsin DOC policies</u>. You may consider this evidence in your deliberations. But remember that the <u>issues are</u> whether the Defendants <u>acted with deliberate indifference in violation of the Eighth Amendment,</u> not whether a <u>policy</u> might have been complied with.

*Seventh Circuit Federal Jury Instructions—Civil* § 7.04 (modified)

Defendants' Additional Proposed Jury Instruction 6:
Impeachment of a Witness – Convictions

You have heard evidence that Matthew Harris has been convicted of a crime. You may consider this evidence only in deciding whether his testimony is truthful in whole, in part, or not at all. You may not consider this evidence for any other purpose.

*Seventh Circuit Federal Jury Instructions—Civil* § 1.15 (modified)

Defendants' Additional Proposed Jury Instruction 7:

Multiple Claims; Multiple Defendants

You must give separate consideration to each claim and each party in this case. Although there are 5 defendants, it does not follow that if one is liable, any of the others ~~is~~ <u>are</u> also liable.

*Seventh Circuit Federal Jury Instructions—Civil § 1.25*

Defendants' Additional Proposed Jury Instruction 8:

Liability: Eighth Amendment Failure to Protect from Self Harm

The Constitution requires prison officials to protect prisoners from harming themselves under certain circumstances. To succeed on this claim, Plaintiff must prove each of the following four (4) things by a preponderance of the evidence:

1. There was a strong likelihood that Plaintiff would seriously harm himself in the near future. A mere possibility of serious harm is not a strong likelihood.

2. Defendant was aware of this strong likelihood that Plaintiff would seriously harm himself in the near future.

3. Defendant <u>intentionally disregarded this risk when they placed razor blades in his cell, taunted and intimidated Plaintiff by telling him that they placed razor blades in his cell, and encouraged and instructed him to commit self-harm.</u>

4. Plaintiff would have suffered less harm if Defendant had not <u>taken these actions</u>.

If you find that Plaintiff has proved each of these things by a preponderance of the evidence, then you must decide for Plaintiff, and go on to consider the question of damages.

If, on the other hand, you find that Plaintiff has failed to prove any one of these things by a preponderance of the evidence, then you must decide for Defendant, and you will not consider the question of damages.

*Seventh Circuit Federal Jury Instructions—Civil* § 7.19 (modified); *Lisle v. Welborn*, 933 F.3d 705, 717-18 (7th Cir. 2019); Docket 11 at 8 (Screening Order).

Defendants' Additional Proposed Jury Instruction 9:

No need to consider damages

If you decide for the Defendant on the question of liability, then you should not consider the question of damages.

*Seventh Circuit Federal Jury Instructions—Civil* § 1.31

Defendants' Additional Proposed Jury Instruction 10:

Compensatory Damages in Prisoner Cases

If you find in favor of Plaintiff, then you must determine the amount of money that will fairly compensate Plaintiff for any injury that you find he sustained as a direct result of the Defendants' actions or inaction.

Plaintiff must prove his damages by a preponderance of the evidence. Your award must be based on evidence and not speculation.

You should consider the following types of compensatory damages, **and no others**: The physical and mental and emotional pain and suffering that Plaintiff has experienced. No evidence of the dollar value of physical or mental and emotional pain and suffering has been or needs to be introduced. There is no exact standard for setting the damages to be awarded on account of pain and suffering. You are to determine an amount that will fairly compensate the Plaintiff for the injury he has sustained.

*Seventh Circuit Federal Jury Instructions—Civil § 7.27*

<u>Defendant's Proposed Additional Instruction No. 11</u>

Damages: Punitive

If you find for Plaintiff, you may, but are not required to, assess punitive damages against Defendant. The purposes of punitive damages are to punish a defendant for his ~~or her~~ conduct and to serve as an example or warning to Defendant and others not to engage in similar conduct in the future.

Plaintiff must prove by a preponderance of the evidence that punitive damages should be assessed against Defendant. You may assess punitive damages only if you find that his conduct was malicious or in reckless disregard of Plaintiff's rights. Conduct is malicious if it is accompanied by ill will or spite, or is done for the purpose of injuring Plaintiff. Conduct is in reckless disregard of Plaintiff's rights if, under the circumstances, Defendant simply did not care about Plaintiff's safety.

If you find that punitive damages are appropriate, then you must use sound reason in setting the amount of those damages. Punitive damages, if any, should be in an amount sufficient to fulfill the purposes that I have described to you, but should not reflect bias, prejudice, or sympathy toward any party. In determining the amount of any punitive damages, you should consider the following factors:

- the reprehensibility of Defendant's conduct;
- the impact of Defendant's conduct on Plaintiff;
- the relationship between Plaintiff and Defendant;
- the likelihood that Defendant would repeat the conduct if an award of punitive damages is not made;

- the relationship of any award of punitive damages to the amount of actual harm the Plaintiff suffered.

*Fed. Civ. J.I. of the 7th Cir.* § 7.28 (modified)