MATTHEW J. HARRIS,

       Plaintiff,

          v.                              Case No. 21-C-1011

KYLE TRITT, et al.,

       Defendants.

## ORDER RESOLVING THE REMAINING MOTIONS IN LIMINE

Plaintiff Matthew J. Harris is proceeding on an Eighth Amendment failure to protect claim against Defendant Correctional Officers Christopher Pass, Keith Immerfall, Greg Smith, Kyle Tritt, and Joseph Beahm in connection with a self-harm incident that occurred at the Waupun Correctional Institution on September 7, 2018. Dkt. No. 54. On February 9, 2024, the Court held a Final Pretrial Conference for the jury trial set to begin in this case on March 4, 2024. At the Final Pretrial Conference, the Court took under advisement the parties' arguments on Defendants' Motion in Limine Nos. 1, 2, and 7. Dkt. No. 87. This order resolves those motions.

Defendants' Motion in Limine Nos. 1 and 7 ask the Court to bar any evidence, argument, or questioning regarding the failure to properly inspect Plaintiff's observation cell and/or the failure to properly strip-search Plaintiff prior to his placement in the observation cell. *Id.* at 1-2, 9. Defendants argue that the screening order only allowed Plaintiff to proceed on an Eighth Amendment failure to protect claim in connection with allegations that Defendants placed a razor blade in Plaintiff's observation cell with instructions to self-harm. They contend that any evidence, argument, or questioning regarding the failure to properly inspect and/or failure to properly strip-

search is a wholly different and irrelevant claim. *Id*. Defendants appear to imply that different (non-defendant) correctional officers at the institution were responsible for inspecting and/or strip-searching Plaintiff prior to his placement in the observation cell, so evidence regarding the failure to do so is irrelevant to the issue in this case. *Id*.

Under the Federal Rules of Evidence, evidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence and the fact is of consequence in determining the action. *See* Fed. R. Evid. 401. Relevant evidence can be excluded at trial if its probative value is substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. *See* Fed. R. Evid. 403.

The parties dispute how a razor blade got into Plaintiff's observation cell on September 7, 2018, and whether Defendants knew about it and were deliberately indifferent towards the risk that Plaintiff would use it on himself. More specifically, Plaintiff asserts that Defendants placed the razor blade in his observation cell with instructions to use it on himself. Defendants deny that happened and assert the razor blade must have gotten into the observation cell in some other way. Evidence of the failure to properly inspect Plaintiff's observation cell and/or failure to properly strip-search Plaintiff directly speaks to whether Defendants knew about the razor blade and/or took minimal steps to check for it to protect Plaintiff from self-harm. The evidence also is not unfairly prejudicial. If different (non-defendant) correctional officers were responsible for inspecting the observation cell and/or strip-searching Plaintiff (as Defendants appear to imply), Defendants can simply explain to the jury that they are not responsible for the actions of others. If necessary, the Court can provide a limiting instruction cautioning the jury on the proper use of such testimony. *See, e.g.*, Seventh Circuit Pattern Jury Instruction 7.02.

2

If, on the other hand, Defendants were responsible for inspecting the observation cell and/or strip-searching Plaintiff, the probative value of that information would substantially outweigh any unfair prejudice. Evidence that is unfavorable to a party is always to some extent prejudicial—the relevant question is whether it is "unfairly" prejudicial. Here, it would not be unfair if evidence showed that Defendants were responsible for inspecting the observation cell and/or strip-searching Plaintiff but failed to do so even though they knew he was having thoughts of self-harm. The jury will be instructed that deliberate indifference is more than mere negligence, and thus the danger of unfair prejudice should be minimal. But how the razor blade got into Plaintiff's possession is key to the case. Accordingly, the Court will deny Defendants' Motion in Limine Nos. 1 and 7.

Defendants' Motion in Limine No. 2 asks the Court to exclude as irrelevant any evidence, argument, or questioning regarding the investigation of inmate complaint WCI-2018-20573, including the testimony of Institution Complaint Examiner (ICE) Tonia Moon, Corrections Complaint Examiner (CCE) Emily Davidson, and Warden Brian Foster. Dkt. No. 87 at 2. Plaintiff opposes the motion, asserting that failure to properly investigate the inmate complaint led to misidentification of the instrument used to self-harm. Dkt. No. 92 at 2-3.

The Court will grant Defendants' Motion in Limine No. 2. As a preliminary matter, ICE Moon, CCE Davidson, and Warden Foster are not defendants in this case; nor is there any claim in this case regarding the failure to investigate an inmate complaint. Further, any investigation (or failure to investigate) that occurred *after* the self-harm incident is not relevant to what Defendants knew at the time or prior to the self-harm incident. Instead, this evidence could simply confuse the jury about the relevant timeframe to consider. Given that there also is no dispute at trial about the instrument used to self-harm, any evidence, argument, or questioning regarding the

investigation of inmate complaint WCI-2018-20573 is irrelevant to the issues to be tried by the jury. Accordingly, the Court will grant Defendants' Motion in Limine No. 2.

**IT IS THEREFORE ORDERED** that Defendants' Motion in Limine Nos. 1 and 7 are **DENIED**; and Defendants' Motion in Limine No. 2 is **GRANTED**.

Dated at Green Bay, Wisconsin this 13th day of February, 2024.

s/ William C. Griesbach
William C. Griesbach
United States District Judge